### HUNT *v.* GRIFFEN.

(*Supreme Court, General Term, Second Department.* May 9, 1892.)

ATTORNEY AT LAW—ACTION TO RECOVER FEES—EVIDENCE.

　　A complaint to recover for legal services rendered to defendant is sustained by proof of legal services rendered to a person in the employ of defendant and at defendant's request, concerning the taking of title to personal property by the employe to secure a debt to the employer.

Appeal from circuit court, Westchester county.

Action by David H. Hunt against John D. Griffen. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*David H. Hunt,* pro se. *Gustavus W. Rawson,* for defendant.

BARNARD, P. J. The complaint contains an averment that the plaintiff is an attorney at law, and that at the request of the defendant the plaintiff rendered services "for said defendant, and in his behalf," to the amount of $300, that $80 was paid on the claim, and that $220 was due. Upon the trial the plaintiff offered proof tending to show that a part of the services were rendered in the defense of one Sears, a salesman of defendant. Sears had taken a title to personal property from a Mr. Blackwin for a debt which belonged to defendant. The defendant objected to the reception of the proof of services rendered in behalf of Sears as inadmissible under the complaint. The objection had no merit. If the defendant employed the plaintiff on his credit, to render services to Sears, it is the same as if the services were done for the defendant himself. If the plaintiff is right, the only person who received the benefit of the services was the defendant himself. As to the other items which make up the plaintiff's claim, evidence of the plaintiff is positive that the services were rendered at the request of the defendant, and upon his credit. The defendant denies the statement entirely, and the jury has found in favor of the plaintiff. The direct evidence is almost wholly confined to the testimony of the parties, and the case does not prevent such a preponderance of testimony in favor of the defendant as will justify an appellate court in reversing the finding of the jury. Judgment affirmed, with costs.

All concur.